**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| ROBERT SINGER, an individual, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-07-34-M |
| ) | |
| THE BOARD OF REGENTS, IN THEIR ) | |
| OFFICIAL CAPACITY, FOR THE ) | |
| UNIVERSITY OF OKLAHOMA, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Before the Court is defendant's Limited Entry of Appearance and Motion to Dismiss, filed February 27, 2007. On March 16, 2007, plaintiff filed his response[1], and on April 6, 2007, defendant filed its reply.

On January 9, 2007, plaintiff filed the instant action against defendant alleging the following causes of action: (1) wrongful termination in retaliation for acting as a whistle-blower; (2) violation of the Americans with Disabilities Act of 1990 ("ADA"); (3) tortious interference with plaintiff's contractual right to continued employment; (4) intentional infliction of emotional distress; and (5) negligent hiring and retention of defendant's employees. Defendant now moves this Court to dismiss this action for lack of subject matter jurisdiction. Specifically, defendant asserts that it is entitled to sovereign immunity as to all of plaintiff's causes of action.

A state is entitled to Eleventh Amendment sovereign immunity in cases of disability discrimination brought pursuant to the ADA. *See Bd. of Trustees of Univ. of Ala. v. Garrett*, 531

---

[1] On March 29, 2007, defendant filed a motion to strike the exhibits attached to plaintiff's response. Because the Court did not consider any of these exhibits in ruling on defendant's motion to dismiss, the Court finds that defendant's motion to strike should be denied as moot.

U.S. 356, 363 (2001).[2]  Accordingly, the Court finds that defendant is entitled to sovereign immunity in relation to plaintiff's ADA claim.  The Court, therefore, finds that plaintiff's second cause of action for disability discrimination in violation of the ADA should be dismissed.  Further, as the ADA claim is no longer before the Court, and it was the sole basis for this Court's original jurisdiction, the Court declines to exercise jurisdiction over the remaining claims and dismisses them without prejudice pursuant to 28 U.S.C. § 1367(c).

Accordingly, the Court DENIES defendant's Limited Entry of Appearance and Motion to Strike [docket no. 9] as MOOT and GRANTS defendant's Limited Entry of Appearance and Motion to Dismiss [docket no. 6] as follows:  (1)  The Court dismisses plaintiff's ADA claim for lack of subject matter jurisdiction, and (2)  The Court declines to entertain jurisdiction over plaintiff's state law claims and dismisses them without prejudice pursuant to 28 U.S.C. § 1367(c).

**IT IS SO ORDERED this 5th day of September, 2007.**

*/s/ Vicki Miles-LaGrange*
VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE

---

[2] Under Oklahoma law, defendant the Board of Regents for the University of Oklahoma is an arm of the state and, thus, is treated as a state for Eleventh Amendment purposes. *Hensel v. Office of Chief Admin. Hearing Officer*, 38 F.3d 505, 508 (10th Cir. 1994).